FILED & ENTERED

SEP 15 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY chackel    DEPUTY CLERK

# NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>MARGARET LUCILLE CARSWELL,<br><br>Debtor.<br><br>_____<br><br>MARGARET CARSWELL,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., <u>et al.</u>,<br><br>Defendants.<br>_____ | Case No. 9:16-bk-10842-PC<br><br>Adversary No. 9:16-ap-01060-PC<br><br>Chapter 11<br><br>**MEMORANDUM DECISION**<br><br>Date:   September 8, 2016<br>Time:   10:00 a.m.<br>Place:  United States Bankruptcy Court<br>        Courtroom # 201<br>        1415 State Street<br>        Santa Barbara, CA 93101 |

This matter comes before the court on a motion by Defendants, Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA1 ("U.S. Bank") (collectively, the "Defendants") seeking a dismissal of a Complaint for: (1) Wrongful Initiation of Foreclosure; (2) Failure to Contract; (3) Cancellation of Instruments; (4) Violations of TILA and FDCPA; and (5) Intentional Infliction of Emotional Distress ("Complaint") filed by Plaintiff, Margaret Carwell ("Carswell") pursuant

to F.R.Civ.P. 12(b)(6).[1]  Carswell opposes the motion.  Appearances were stated on the record.
The court, having considered the pleadings and arguments of the parties, will recommend to the
district court that Defendants' motion be granted and Carswell's Complaint be dismissed without
leave to amend based upon the following findings of fact and conclusions of law made pursuant
to F.R.Civ.P. 52(a)(1), as incorporated into FRBP 7052 and applied to adversary proceedings in
bankruptcy cases.[2]

## I.  STATEMENT OF FACTS

On June 15, 2016, Carswell filed the Complaint in this adversary proceeding.  The
subject of the litigation is an Adjustable Rate Note ("Note") executed by Carswell in the original
principal sum of $2,500,000 and payable to the order of Washington Mutual Bank, FA
("WMBFA") dated December 20, 2006, and a Deed of Trust of even date therewith against the
real property and improvements at 845 Sea Ranch Drive, Santa Barbara, CA ("Property"),
recorded as Instrument No. 2006-0100995 in the Official Records, County of Santa Barbara, on
December 28, 2006. [3]

Carswell's Complaint seeks a declaratory judgment, damages, and a permanent
injunction prohibiting Defendants from taking further action to foreclose on the Property under
the Deed of Trust.  Carswell's First Claim for Relief entitled "Wrongful Initiation of
Foreclosure" alleges that (1) the Note is unenforceable because it contains a fraudulent
endorsement; and (2) that the Deed of Trust is unenforceable because there is a defect in the

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1330.  "Rule" references are to the Federal Rules of
Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil
Procedure ("F.R.Civ.P.").  "LBR" references are to the Local Bankruptcy Rules of the United
States Bankruptcy Court for the Central District of California ("LBR").

[2] This Memorandum Decision constitutes the bankruptcy court's proposed findings of fact and
conclusions of law for purposes of 28 U.S.C. § 157(c)(1).  This Memorandum Decision will be
transmitted to the United States District Court for entry of a final order or judgment after de novo
review pursuant to 28 U.S.C. § 157(c)(1).

[3] The Property, according to the Complaint, is currently owned by "Earth First Construction, a
California educational benefit corporation," of which Carswell "is the President and CEO."
Complaint, 2:15-17.

1   chain of assignments to U.S. Bank.  Carswell's Second Claim for Relief entitled "Failure to

2   Contract" claims that (1) the Note and Deed of Trust are void because there was no "meeting of

3   the minds" between Carswell and WMBFA, a "phantom lender," upon execution of the

4   documents, and therefore, "[n]o contract was formed between [Carswell] and WMBFA[;]"[4] or,

5   alternatively (2) if there was a debt it was unsecured and paid.  Carswell's Third, Fourth and

6   Fifth Claims for Relief seek (1) a judgment declaring the Note and Deed of Trust void and

7   cancelled; (2) damages for alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §

8   1601, et. seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq.,

9   ("FDCPA"); and (3) damages in excess of $10 million for alleged intentional infliction of

10  emotional distress, respectively.

11      On July 27, 2016, Defendants filed their Motion to Dismiss Pursuant to Fed. R. Civ. P.

12  12(b)(6) and Fed. R. Bank. P. 7012 ("Motion") seeking a dismissal of Carswell's Complaint

13  without leave to amend.[5]  Carswell filed her Response to Notice of Motion, Motion to Dismiss

14  and Request for Judicial Notice ("Opposition") on August 23, 2016, to which Defendants replied

15  on September 1, 2016.  After a hearing on September 8, 2016, the court took the matter under

16  submission.

17              II.  DISCUSSION

18      This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

19  157(b) and 1334(b).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B),

20  (K) and (O).  To the extent that the claims made the basis of Carswell's complaint constitute

21  "Stern claims,"[6] Carswell does not consent to entry of a final order or judgment by the

22

23  _____

    [4] Id. at 13:1-13.

24
    [5] The court grants Defendants' Request for Judicial Notice in Support of Motion to Dismiss
25  Action Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012 ("Defendants' RJN"),
    and takes judicial notice of the documents attached thereto as Exhibits A through K pursuant to
26  Rule 201(c)(1) of the Federal Rules of Evidence.

27  [6] "These claims are called 'Stern claims,' so named after the Supreme Court's decision in Stern
28  v. Marshall, [564 U.S. 462] (2011).  Stern claims are claims 'designated for final adjudication in

1  bankruptcy court.  Defendants expressly consented at the hearing to the entry of a final judgment

2  by the bankruptcy court.  Venue is appropriate in this court.  28 U.S.C. § 1409(a).

3  A.  Standard for Dismissal Under Rule 12(b)(6)

4     Rule 12(b)(6) authorizes the court, upon motion of the defendant, to dismiss a complaint

5  for failure to state a claim upon which relief can be granted.[7]  F.R.Civ.P. 12(b)(6).  "The purpose

6  of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints

7  without subjecting themselves to discovery."  Rutman Wine Co. v. E.&J. Gallo Winery, 829

8  F.2d 729, 738 (9th Cir. 1987).

9     Under Rule 8(a), a complaint must contain "a short and plain statement of the claim

10  showing that the pleader is entitled to relief."[8]  F.R.Civ.P. 8(a)(2).  "[T]he pleading standard

11  Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an

12  unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662,

13  678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).  "[A] complaint

14  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

15  on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "A claim has facial

16  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

17  inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678

18  (quoting Twombly, 550 U.S. at 556).  "[A] complaint [that] pleads facts that are 'merely

19  consistent with' a defendant's liability . . . 'stops short of the line between possibility and

20  plausibility of entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

21  The trial court need not accept as true conclusory allegations in a complaint, or legal

22  characterizations cast in the form of factual allegations.  Twombly, 550 U.S. at 555-56.

23

24  the bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a
   constitutional matter.'"  Mastro v. Rigby, 764 F.3d 1090, 1093 (9th Cir. 2014) (citation omitted).

25

26  [7]  Rule 12(b)(6) is applicable to adversary proceedings by FRBP 7012(b).

27  [8]  Rule 8(a) is applicable to adversary proceedings by FRBP 7008(a).

28

4

A Rule 12(b)(6) dismissal may be based on either the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008).  A claim cannot be plausible when it has no legal basis.

B.  Court's Inquiry is Not Limited to the Allegations of the Complaint.

"In deciding Rule 12(b)(6) motions, courts are not strictly limited to the four corners of complaints."  Outdoor Cent., Inc. v. GreatLodge.com, Inc., 643 F.3d 1115, 1120 (8th Cir. 2011).  Courts may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered by the [court] without converting the motion into one for summary judgment."  Wright & Miller, Federal Practice and Procedure: Civil 3d § 1357, at 376 (2004).  See, e.g., U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials – documents attached to the complaint, documents incorporated by reference into the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment.");  Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd., 245 F.2d 67, 70 (9th Cir. 1956) ("[J]udicial notice may be taken of a fact to show that a complaint does not state a cause of action.");  Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) ("[W]e hold that documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), cert. denied, 512 U.S. 1219 (1994);  Barapind v. Reno, 72 F.Supp.2d 1132, 1141 (E.D. Cal. 1999) ("Matters of public record may be considered, including pleadings, orders, and other papers filed with the court or records of administrative bodies.");  Roe v. Unocal Corp., 70 F.Supp.2d 1073, 1075 (C.D. Cal. 1999) ("[E]ven if a document is neither submitted with the complaint nor explicitly referred to in the complaint, the . . . court may consider the document in ruling on a motion to dismiss so long as the complaint necessarily relies on the document and the document's authenticity is not contested.").

C.  Claim Preclusion

"Claim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009).  Claim preclusion requires a showing of the following three elements: (1) identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. Id. at 1212.  "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003).

D.  Carswell's First, Second and Third Claims for Relief Must be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted.

With respect to Carswell's First Claim for Relief, the court notes that "[a] lender or foreclosure trustee may only be liable to the mortgagor or trustor for wrongful foreclosure if the property was fraudulently or illegally sold under a power of sale contained in a mortgage or deed of trust." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F.Supp.2d 952, 961 (N.D. Cal. 2010). Because it is undisputed that no foreclosure sale of the Property has occurred, the court finds any cause of action against Defendants for wrongful foreclosure is premature.  Id.  See Kan v. Guild Mortg. Co., 230 Cal.App.4th 736, 750 ("[A]llowing a plaintiff to assert a preemptive action . . . 'would result in the impermissible interjection of the courts into a nonjudicial foreclosure scheme enacted by the California Legislature.'").

Carswell does not cite to a statute, common law rule, or other authority providing for a claim for "wrongful initiation of foreclosure."  "[T]here is no cause of action for 'wrongful threatened foreclosure.'"  Santos v. Countrywide Home Loans, 2009 WL 3756337, *3 (E.D. Cal. 2009).  "[T]he overwhelming majority of states like California who provide for nonjudicial foreclosure, do not recognize such a cause of action."  Id.  To the extent Carswell's First Claim for Relief entitled "Wrongful Initiation of Foreclosure" is predicated on the assertion that Defendants' recorded notice of default is based upon an alleged fraudulent endorsement of the

Note or an alleged defect in the chain of assignments to U.S. Bank, the court finds that the claims are barred by <u>res judicata</u>.

      1.   <u>The District Court Action</u>

On July 14, 2010, Carswell filed a Complaint in Case No. CV10-5152 GW, styled <u>Carswell v. JP Morgan Chase Bank N.A., et al.,</u> in the United States District Court for the Central District of California ("District Court Action") alleging the following causes of action against JP Morgan Chase Bank N.A. ("Chase") and California Reconveyance Co. ("CRC"): (1) Failure to Contract; (2) Wrongful Foreclosure; (3) Unjust Enrichment; (4) RESPA and TILA Violations; (5) Fraud and Concealment; (6) Quiet Title; and (7) Declaratory and Injunctive Relief.[9]  As in this adversary proceeding, the subject of the litigation was the Note and Deed of Trust against the Property.  In the District Court Action, Carswell alleged, among other things, that (1) Washington Mutual Bank ("WaMu") "made material misrepresentations and omissions with respect to the terms of [Carswell's] loan in violation of TILA and that WaMu concealed the terms of the loan with the intention of inducing [Carswell] to refrain from investigating and challenging the disclosures until the period for rescinding the loan expired[;]"[10] (2) that the Note and Deed of Trust are unenforceable because there was no "meeting of the minds[;]"[11] (3) that "[n]o enforceable contract was formed between [Carswell] and WaMu, so the Deed of Trust and [Note] describing the Property were not assets of WaMu that could be acquired or assumed by Chase from the Federal Deposit Insurance Corporation (FDIC) as receiver, after WaMu was closed by the Office of Thrift Supervision on September 25, 2008[;]"[12] (4) that "Chase does not and cannot have standing to enforce the Promissory Note[;]"[13] (5) that "Chase did not pay any consideration to [Carswell] evidenced by a promissory note and cannot produce a promissory

---

[9]  Defendants' RJN, Exh. E.

[10]  <u>Id.</u> at 3:27-4:3.

[11]  <u>Id.</u> at 5:19; 6:9-10.

[12]  <u>Id.</u> at 6:16-20.

[13]  <u>Id.</u> at 6:25.

note endorsed to Chase[;]"[14] and (6) that the acts and practices of WaMu and its successors in interest were "designed to conceal TILA and RESPA violations and to conceal the identity of the owner and true beneficiary of the loan."[15]  Carswell sought a judgment quieting title to the Property, cancelling the Note and Deed of Trust, and declaring the Note and Deed of Trust void. Carswell also sought restitution, damages, and a permanent injunction prohibiting Chase and CRC from taking further action to foreclose on the Property under the Deed of Trust.

On August 9, 2010, Chase and CRC filed a motion to dismiss the complaint under Rule 12(b)(6). On September 30, 2010, the district court issued a tentative ruling granting the motion with leave to amend.[16]  Carswell filed a First Amended Complaint on October 18, 2010, to which Chase and CRC filed a motion to dismiss on October 27, 2010.  Carswell's First Amended Complaint contained a further claim for $10,000,000 as damages for alleged intentional infliction of emotional distress.  After a hearing on January 6, 2011, the district court granted the defendants' motion to dismiss Carswell's First Amended Complaint for the reasons set forth in a tentative ruling issued and adopted in connection with the hearing.[17]  However, the court permitted Carswell to submit an offer of proof not later than January 28, 2011, showing how her complaint could be further amended to cure the deficiencies cataloged in the court's tentative ruling before making a decision whether dismissal would be without leave to amend.  On January 28, 2011, Carswell submitted her offer of proof.  By minute order entered on February 15, 2011, the district court dismissed Carswell's First Amended Complaint without leave to amend.[18]  The district court's order of dismissal was affirmed by the Ninth Circuit on November 21, 2012.

---

[14] Id. at 7:3-5.

[15] Id. at 7:23-24.

[16] The court takes judicial notice of Docket # 20-1, Tentative Ruling on Motion to Dismiss, filed in the District Court Action on September 30, 2010.

[17] The court takes judicial notice of Docket # 37, Ruling on Motion to Dismiss First Amended Complaint, filed in the District Court Action on January 6, 2011.

2.  Identity of the Parties

Privity "is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" United States v. Bhatia, 545 F.3d 757, 759 (9th Cir. 2008), quoting In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997). As the Supreme Court described:

> [N]onparty preclusion may be justified based on a variety of pre-existing "substantive legal relationship[s]" between the person to be bound and a party to the judgment. Qualifying relationships include, but are not limited to, preceding and succeeding owners of property, bailee and bailor, and assignee and assignor. These exceptions originated "as much from the needs of property law as from the values of preclusion by judgment."

Taylor v. Sturgell, 553 U.S. 880, 894 (2008) (citations omitted).  Privity is found among successive foreclosing trustees and assigned beneficiaries under deeds of trust (including entities such as MERS). See Bever v. Quality Loan Serv. Corp., 2016 WL 1267578, at *4 (E.D. Cal. 2016) ("For purposes of this action, the validity of the note and deed of trust impacts all of the Defendants equally[,]" and "[t]he parties have shared identity or privity sufficient to apply claim preclusion."); Breinholt v. Aegis Wholesale Corp., 2012 WL 2865969, at *3 (D. Idaho 2012) ("MERS stands in privity with entities that subsequently acquire a promissory note or deed of trust.").

Carswell's Complaint in this adversary proceeding attacks the same Note and Deed of Trust at issue in the District Court Action.  In the District Court Action, CRC serviced the loan and Chase at the time was the beneficiary under the Deed of Trust.  In her First Amended Complaint in the District Court Action,[19] Carswell challenged Chase's "standing to enforce the Note" alleging that "Chase is not the owner of the Note, Chase is not the holder of the Note, and Chase is not a beneficiary under the Note."[20]  Carswell also challenged the validity of an

---

[18]  The court takes judicial notice of Docket # 41, Final Ruling on Defendants' Motion to Dismiss First Amended Complaint, filed in the District Court Action on February 15, 2011.

[19]  The court takes judicial notice of Docket # 23, Carswell's First Amended Complaint, filed in the District Court Action on October 18, 2010.

[20]  Id. at 7:17-19.

Assignment of Deed of Trust executed by Chase dated September 1, 2009 ("Assignment").[21]
The Note and Assignment were attached as Exhibits 1 and 2 to Carswell's First Amended
Complaint. Carswell's First Amended Complaint in the District Court Action was dismissed
without leave to amend. SPS now services the loan and U.S. Bank is the owner and holder of the
Deed of Trust by virtue of a Corporate Assignment Deed of Trust dated March 16, 2015,
recorded as Instrument No. 2015-0016032 in the Official Records, County of Santa Barbara, on
April 1, 2015.[22] SPS and U.S. Bank share privity with CRC and Chase sufficient to apply res
judicata because they represent "precisely the same right[s] in respect to the subject matter
involved." See Bhatia, 545 F.3d at 759.

       3.   Prior Proceedings Resulting in a Final Judgment on the Merits

      Dismissal under Rule 12(b)(6) constitutes a final adjudication on the merits for the
purposes of res judicata. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981).
Carswell was represented by counsel in the District Court Action. Carswell's First Amended
Complaint in the District Court Action was dismissed under Rule 12(b)(6) without leave to
amend on February 15, 2011, after Carswell's offer of proof convinced the district court that
further leave to amend would be futile. The district court's dismissal order was affirmed by the
Ninth Circuit and is a final judgment on the merits entitled to res judicata.

       4.   Identity of Claims

      To determine whether there is an identity of claims, the court considers the following
factors: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2)
whether rights or interests established in the prior judgment would be destroyed or impaired by
prosecution of the second action; (3) whether the two suits involve infringement of the same
right; and (4) whether substantially the same evidence is presented in the two actions."
ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 968 (9th Cir. 2010) (emphasis in
original).

---

[21] Id. at 6:17-27.

[22] Defendants' RJN, Ex. I.

In her First Amended Complaint in the District Court Action, Carswell challenged Chase's "standing to enforce the Note" alleging that "Chase is not the owner of the Note, Chase is not the holder of the Note, and Chase is not a beneficiary under the Note."[23] Carswell also challenged the validity of the Assignment, claiming that the Assignment was defective because it was signed by "Deborah Brignac, [a] Vice President of Chase, Vice President of CRC, and 'robo-signer' whose name and variant signatures have attested to the truth of facts recited in declarations and affidavits in hundreds of thousands of foreclosures."[24] Carswell filed the District Court Action in response to a notice of default which commenced the foreclosure which continues to be challenged by Carswell in this adversary proceeding. Those claims were dismissed in the District Court Action without leave to amend. Carswell's Complaint in this proceeding again challenges the Note and the validity of the Assignment, claiming that the Assignment is void as having been "signed by a known robo-signer" and that "[t]he endorsement on the Note is invalid."[25] Attached to Carswell's Complaint as Exhibits 2 and 3 is a copy of the Note bearing an endorsement by WMBFA in blank without recourse and the Assignment, respectively.

The District Court Action and this adversary proceeding arise out of the same transactional nucleus of facts. The claims made the basis of Carswell's complaint in each case are based upon the Note and Deed of Trust secured by the Property. Carswell's First, Second and Third Claims for Relief were previously asserted in the District Court Action. In both actions, Carswell alleged (1) that the Assignment was invalid and (2) that the "contract" with WMBFA is unenforceable because there was no "meeting of the minds." Those claims were dismissed in the District Court Action without leave to amend. Carswell had the opportunity to specifically attack the validity of WMBFA's endorsement of the Note in the District Court Action, but did not do so. Res judicata bars any subsequent suit on claims that were raised or

---

[23] Docket # 23, Carswell's First Amended Complaint in the District Court Action, at 7:17-19.

[24] Id. at 6:18-21.

[25] Complaint, 10:8, 24.

could have been raised in a prior action. <u>Cell Therapeutics</u>, 586 F.3d at 1212. Indeed, the district court rejected Carswell's assertion that Chase was not the owner and holder of the Note with standing to enforce the Note when it dismissed Carswell's First Amended Complaint without leave to amend. The District Court Action and this adversary proceeding involve infringement of the same rights. The rights and interests of CRC and Chase with respect to the Note and Deed of Trust were adjudicated by a final judgment in the prior District Court Action. The rights of SPS and U.S. Bank, as successors in interest to CRC and Chase, respectively, would be impaired or destroyed by prosecution of the Complaint in this adversary proceeding.

California law authorizes the cancellation of instruments that are void or voidable. Cal. Civ. Code § 3412; <u>see</u> <u>Rockridge Trust v. Wells Fargo, N.A.</u>, 985 F.Supp.2d 1110, 1159 (N.D. Cal. 2013). Carswell pled this cause of action on the theory that the Note was fraudulently endorsed and the Assignment was invalid. Because <u>res judicata</u> prevents Carswell from pleading facts to state a plausible claim under her First and Second Claims for Relief to set aside either the Note or Deed of Trust, Carswell's Third Claim for Relief seeking a cancellation of the Note and Deed of Trust must fail as well.

For the reasons stated, the court must dismiss Carswell's First, Second and Third Claims for Relief.

E. <u>Carswell's Fourth Claim for Relief Must be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted</u>.

Carswell claims that "[a]t the time of the signing of the mortgage documents in December 2006, the notary left no copies with [Carswell], including the obligatory Three Day Right to Cancel pursuant to TILA."[26] Carswell alleged a violation of TILA in the District Court Action which was dismissed without leave to amend. To the extent not barred by <u>res judicata</u>, Carswell's TILA claims are barred by limitations.

Section 1635(f) of Title 15 states, in pertinent part, that an obligor's right of rescission under TILA expires "three years after the date of consummation of the transaction or upon the

---

[26] <u>Id.</u> at 17:1-3.

sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under [TILA] or any other disclosures required under [TILA] have not been delivered to the obligor." 15 U.S.C. § 1635(f).  Carswell's claim for rescission of the December 2006 loan is barred by 15 U.S.C. § 1635(f)'s three-year absolute limitation of rescission actions. See King v. California, 784 F.2d 910, 913 (9th Cir. 1986); Regan v. HSBC Bank (USA) (In re Regan), 439 B.R. 522, 528-29 (Bankr. D. Kan. 2010).

A creditor's refusal to honor a rescission notice, in violation of 15 U.S.C. § 1635(b), gives rise to a separate claim for damages under 15 U.S.C. § 1640.  Malfa v. Household Bank, F.S.B., 825 F.Supp. 1018, 1020 S.D. Fla. 1993).  "Section 1640(e) provides a one-year statute of limitations for the filing of a suit once a violation of TILA has occurred."  Gilbert v. Residential Funding LLC, 678 F.3d 271, 278 (4th Cir. 2012).  Even assuming solely for purposes of this motion that Carwell gave a proper written notice of rescission in 2009, an alleged failure to respond to the rescission notice within twenty days triggered the one-year statute of limitations for statutory damages for failure to accept the rescission.  Carswell's Complaint was not filed until June 15, 2016.  To the extent that Carswell's Complaint seeks to recover damages for a failure to accept the alleged rescission, Carswell's claims are barred by the one-year statute of limitations contained in 15 U.S.C. § 1640(e).  See Id. at 278-79.

"In order to state a claim under the FDCPA, a plaintiff must show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA."  Freeman v. ABC Legal Servs., Inc., 827 F.Supp.2d 1065, 1071 (N.D. Cal. 2011).  Carswell alleges in paragraphs 80 and 82 that SPS is a debt collector, but fails to allege facts to show that SPS is a debtor collector within the meaning of the FDCPA.  Carswell's Complaint does not allege any violation of the FDCPA by U.S. Bank nor does it specifically allege any element of a FDCPA claim against SPS.  The court notes that the term "debt collector," as used in the FDCPA "does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."  Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), modified on other grounds, 761 F.2d 237

(5th Cir. 1985).  "Foreclosing on a trust deed is distinct from the collecting of the obligation to pay money[,]" so "the activity of foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."  Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1204 (D. Or. 2002).  Based on the foregoing, Carswell has failed to state a plausible claim for relief against either SPS or U.S. Bank under the FDCPA.

Finally, Carswell's Complaint does not allege a specific claim for relief under the Real Estate Settlement Procedures Act of 1974 ("RESPA"), but Carswell refers to RESPA in paragraphs 84 and 85 of the Complaint.  Carswell alleged a violation of RESPA in the District Court Action which was dismissed without leave to amend.  Carswell now claims that Defendants have violated RESPA by failing to respond to certain "qualified written requests" made pursuant to RESPA, that she "has suffered and continues to suffer actual damages in that she is unable to ascertain the basis for Defendants' claims, she cannot identify the beneficiary of the note and she has no evidence upon which to conclude that Defendants are acting in good faith with lawful authority in their attempts to foreclose the property."[27]  With respect to each such alleged qualified written request, Carswell's Complaint does not allege specific facts regarding (1) the date of the request; (2) the entity to whom the request was made; and (3) the substance of the request.  "[T]he letter must request information relating to servicing [because] the statutory duty to respond does not arise with respect to all inquiries or complaints from borrowers to servicers."  Medrano v. Flagstar Bank, FSB, 704 F.3d 661, 666 (9th Cir. 2012).  "[R]equests seeking information on the validity of the loan and mortgage documents (such as documents relating to the original loan transaction and its subsequent history) simply 'do not fall within the confines of RESPA'"  Menashe v. Bank of New York, 850 F.Supp.2d 1120, 1130 (D. Hawaii 2012).  To the extent that Carswell's Complaint seeks to recover damages for an alleged violation of RESPA, it must be dismissed.

---

[27] Id. at 18:6-9.

F.  <u>Carswell's Fifth Claim for Relief Must be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted</u>.

To properly plead a cause of action for intentional infliction of emotional distress, debtor must show "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." <u>Hughes v. Pair</u>, 46 Cal.4th 1035, 1050- 51 (2009).  For conduct to be outrageous, it must be so "extreme as to exceed all bounds of that usually tolerated in a civilized community."  <u>Id.</u>  Furthermore, the conduct must be "intended to inflict injury or engaged in with the realization that injury will result."  <u>Id.</u>

In the District Court Action, Carswell sought damages from Chase for alleged intentional infliction of emotional distress in excess of $10 million.  The claim in the District Court Action was dismissed without leave to amend, stating:

> If [Carswell] were permitted to file a Second Amended Complaint, it almost certainly would be a repeat of what we have already seen – a lot of luridly descriptive language about the general behavior of banks during the current mortgage crisis combined with zero explanation of how [Carswell] was supposedly injured by anything that these particular Defendants actually did.[28]

Carswell now claims that "[t]he conduct of Defendants <u>tends</u> to defame, disparage, and injure [her] in her business and reputation and has also caused unnecessary paid and suffering with malice and aforethought."[29]  Carswell then avers that "Defendants have created a business model to specifically obtain defaulted mortgage loans with the sole intent to foreclose and sell properties at bargain discounts without the need to prove a concrete and particularized injury in fact[;]", that "Defendants' sole purpose is to gain maximum profit margin at the least amount of proof of a legal and equitable injury[,]" and that "[a]s a result of the extreme and outrageous conduct by Defendants and each of them, [Carswell] has suffered severe emotional distress of

---

[28] Docket # 37, Final Ruling on Defendant's Motion to Dismiss First Amended Complaint in the District Court Action, at 4.

[29] Complaint, 18:19-21 (emphasis added).

15

$10,000,000.00."[30]  Carswell has not pleaded any of the elements of an intentional infliction of emotional distress claim plausibly.  Carswell does not plead any facts demonstrating that Defendants' conduct, individually or collectively, was so extreme as to exceed all bounds tolerated in a civilized society.  "While defendants' conduct may seem subjectively outrageous to [her], plaintiff must demonstrate that it was objectively outrageous to society."  Gutierrez v. Wells Fargo Bank, 2009 WL 322915, *6 (N.D. Cal. 2009).

G.  Leave to Amend Will Be Denied.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires."  F.R.Civ.P. 15(a)(2).[31]  If a complaint lacks facial plausibility, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment.  See, e.g., Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility."); Rutman Wine, 829 F.2d at 738 ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

Carswell's First, Second and Third Claims for Relief are barred by res judicata and must be dismissed without leave to amend.  Carswell's Fourth Claim for Relief for damages for alleged TILA violations is barred by limitations and must be dismissed without leave to amend. Carswell's response to Defendants' dismissal motion does not request leave to amend nor does it offer facts in response to Defendants' motion which, if pleaded in an amended complaint, would enable Carswell to state a plausible claim under the FDCPA, RESPA, or for damages for intentional infliction of emotional distress.

On September 7, 2016, Carswell filed a first amended complaint entitled "Amended Adversarial Proceeding."[32]  Carswell filed the amended complaint in violation of F.R. Civ. P.

---

[30] Id. at 19:1-6; 9-10.

[31] Rule 15(a)(2) is applicable to adversary proceedings by virtue of FRBP 7015.

15(a).  Carswell did not have a right to amend as a matter of course under F.R.Civ.P. 15(a)(1).

Nor did Carswell file the amended complaint with the written consent of the Defendants or leave

of court as required by F.R.Civ.P. 15(a)(2).  If the court were to grant leave to amend, it is

apparent from Carswell's amended complaint that Carswell is unable to plead sufficient facts to

state a plausible claim for relief on any one of her remaining causes of action.  It is clear to the

court at this juncture that the deficiencies in Carswell's Complaint cannot be cured by

amendment.  Accordingly, Carswell's Complaint must be dismissed without leave to amend.

CONCLUSION

In sum, the Defendants' Motion must be granted pursuant to F.R.Civ.P. 12(b)(6) for

failure to state a claim upon which relief can be granted.  Carswell's Complaint fails to state a

claim upon which relief can be granted with respect to her First, Second, Third, Fourth and Fifth

Claims for Relief.  Because it is clear that the Complaint's deficiencies as to each of the claims

cannot be cured by amendment, the claims made the basis of Carswell's Complaint must be

dismissed without leave to amend.

Carswell's amended complaint entitled "Amended Adversarial Proceeding" must stricken

as having been filed without the Defendants' written consent or leave of court in violation of

F.R.Civ.P. 15(a)(2).  The status conference in this adversary proceeding, which was continued at

the hearing to 10:00 a.m. on November 10, 2016, is taken off calendar.

###

Date: September 15, 2016

Peter H. Carroll
United States Bankruptcy Judge

---

[32]  The court takes judicial notice of Carswell's Amended Adversarial Proceeding, Dkt. #15
filed on September 7, 2016, pursuant to Rule 201(c)(1) of the Federal Rules of Evidence.